UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LONNIE T. HAWKINS,<br><br>       Petitioner,<br> v.<br><br>STATE OF NEVADA, *et al.*,<br><br>       Respondents. | Case No. 3:24-cv-00370-MMD-CSD<br><br>DISMISSAL ORDER |

*Pro se* Petitioner Lonnie T. Hawkins has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 and a motion for leave to proceed *in forma pauperis* ("IFP"). (ECF Nos. 1 ("Motion"), 1-1 ("Petition").) The Court finds good cause exists to grant Hawkins' Motion, but, following an initial review of the Petition under the Rules Governing Section 2254 Cases ("Habeas Rules"), the Court finds that the Petition was filed under the wrong statutory section, the Petition is unexhausted, and federal abstention is required.

**I. BACKGROUND**[1]

On December 8, 2023, the State filed a criminal information against Hawkins in the Second Judicial District Court of Nevada in and for Washoe County. *State v. Lonnie Terrell Hawkins*, Case No. CR23-2533. Hawkins pleaded not guilty on January 16, 2024. It appears that Hawkins's trial is currently scheduled for October 28, 2024. According to the Washoe County Sheriff's Office's online inmate search, Hawkins has been held at the Washoe County Detention Facility since October 1, 2023, on the following charges: coercion with force or threat of force, false imprisonment, sexual assault, first-degree

---

[1]The Court takes judicial notice of the online docket records of the Second Judicial District Court and the Nevada appellate courts. These docket records may be accessed by the public online at https://www.washoecourts.com/Query/DetailedCaseSearch and http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

kidnapping, and possession of controlled substances. It does not appear that Hawkins has filed any appeal with the Nevada appellate courts.

In his Petition, Hawkins alleges that his trial counsel: (1) erred in letting the prosecution amend the charges against him after his preliminary hearing; (2) waived his arraignment by forging his signature; (3) has refused to enforce his right to a trial within 60 days; and (4) has refused to file a pretrial suppression motion based on Fourth Amendment violations. (ECF No. 1-1.)

## II. DISCUSSION

Habeas Rule 4 requires federal district courts to examine a habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). Here, Hawkins' Petition suffers from various procedural defects.

First, Hawkins is not in custody pursuant to a state court judgment of conviction. Rather, he is in pre-conviction custody. Accordingly, the only appropriate statutory section for him to pursue his claims is 28 U.S.C. § 2241, not 28 U.S.C. § 2254. *See White v. Lambert*, 370 F.3d 1002, 1005-07 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546, 555 (9th Cir. 2010) (en banc).

Second, Hawkins has not exhausted the claims within his Petition. Because a federal habeas petitioner incarcerated by a state must give state courts a fair opportunity to act on each of his claims before he presents them in a federal habeas petition, federal courts will not consider his petition for habeas relief until he has properly exhausted his available state remedies for all claims raised. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45

(1999); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). Hawkins has not alleged or demonstrated that he has fully exhausted his state court remedies. As a matter of simple comity, this Court is not inclined to intervene before giving the Nevada courts an opportunity to redress any violation of Hawkins's constitutional rights. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (explaining that the exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights").

Third, Hawkins seeks federal judicial intervention in a pending state criminal proceeding, which is simply not available to him. *Cf. e.g., Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983); *Carden v. Montana*, 626 F.2d 82, 83-85 (9th Cir. 1980). The comity-based *Younger* abstention doctrine prevents federal courts from enjoining pending state court criminal proceedings, even if there is an allegation of a constitutional violation, unless there is an extraordinary circumstance that creates a threat of irreparable injury. *See Younger v. Harris*, 401 U.S. 37, 53-54 (1971). The United States Supreme Court has instructed that "federal-court abstention is *required*" when there is "a parallel, pending state criminal proceeding." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) (emphasis added); *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004) (federal courts generally abstain from granting any relief that would interfere with pending state judicial proceedings). This case does not present extraordinary circumstances. Defendants in state criminal proceedings routinely allege that state criminal proceedings violate their constitutional rights, including fundamental rights, which makes this a regular occurrence, not an extraordinary circumstance. Hawkins's situation is no different in substance from that of any criminal defendant facing the potential loss of constitutional rights—including the most fundamental right to liberty—in a pending criminal prosecution. Because Hawkins faces no extraordinary or irreparable injuries, federal abstention is required. Since the charges against Hawkins are still pending, dismissal of this action without

prejudice will not materially impact the analysis of any issue in later-filed habeas proceeding or otherwise result in substantial prejudice.

### III.  CONCLUSION

It is therefore ordered that the motion for leave to proceed IFP (ECF No. 1) is granted.

It is further ordered that the Petition for Writ of Habeas Corpus (ECF No. 1-1) is dismissed without prejudice. Hawkins is denied a certificate of appealability, as jurists of reason would not find dismissal of the Petition for the reasons stated herein to be debatable or wrong.

It is further ordered that the Clerk of Court: (1) file the Petition (ECF No. 1-1); (2) add Nevada Attorney General Aaron D. Ford as counsel for Respondents;[2] (3) informally serve the Nevada Attorney General with the Petition (ECF No. 1-1), this order, and all other filings in this matter by sending a notice of electronic filing to the Nevada Attorney General's office; (4) enter final judgment; and (5) close this case.

DATED THIS 22nd Day of August 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] No response is required from Respondents other than to respond to any orders of a reviewing court.